IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SAMUEL MARTIN,<br><br>      PLAINTIFF,<br><br>V.<br><br>HOME DEPOT U.S.A., INC.,<br><br>      DEFENDANT. | CIVIL ACTION NO: _____ |

## PLAINTIFF'S COMPLAINT

**(JURY TRIAL DEMANDED)**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

    Samuel Martin, Plaintiff herein, files this Original Complaint against Home Depot U.S.A., Inc., Defendant herein, as follows:

### I.

### PARTIES

    1.    Plaintiff Samuel Martin is an individual who resides in Plano, Collin County, Texas.

    2.    Defendant Home Depot U.S.A., Inc. is a foreign for profit corporation doing business in the State of Texas as The Home Depot #6833 located at 1801 W. Parker Road in Plano, Texas.  Service of summons upon Defendant may be performed by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company by certified mail, return receipt requested or by private process server.

## II.

## JURISDICTION AND VENUE

3. Plaintiff Samuel Martin is currently a resident of the State of Texas.

4. Defendant Home Depot U.S.A., Inc. was, and is now, a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Georgia. This Court has personal jurisdiction over Home Depot U.S.A., Inc. because it has purposefully availed itself of the privilege of conducting activities within the State of Texas, thus invoking the benefits and protections of its laws. *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L. Ed. 2d 1283 (1958).

5. This Court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are, for diversity purposes, citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

6. Venue is proper in the Eastern District of Texas, Sherman Division pursuant to 28 U.S.C. §1391(a), as it is a jurisdiction in which Defendant Home Depot U.S.A., Inc. is subject to personal jurisdiction. Moreover, it is the jurisdiction in which a substantial part of the events or omissions giving rise to this claim occurred.

## III.

## SUBSTANTIVE LAW

7. The injuries in this action occurred in Texas and the substantive law applicable to this case is Texas law.

## IV.

## FACTS

8. Defendant Home Depot U.S.A., Inc. (hereinafter "Defendant") is the owner and/or operator of The Home Depot Store #6833 located at 1801 W. Parker Road, Plano, Texas

75023 (hereafter the "Premises").  At all times relevant to this lawsuit, Defendant was in possession and in control of the Premises.

9. On or about April 11, 2016, Plaintiff Samuel Martin was an invitee on the Premises.  At the time of the occurrence, Samuel Martin slipped and fell due to excessive water that was allowed to accumulate near the entrance of the Premises without warning or notice to Samuel Martin causing him to sustain serious injuries.

## V.

## PREMISES LIABILITY

10. Defendant owed Samuel Martin the duty to use ordinary care to reduce or eliminate an unreasonably dangerous condition on the Premises.  Included in Defendant's obligation was the duty to forego dangerous activities during normal operation hours and to inspect or to discover any dangerous condition and to make such condition safe or to provide an adequate warning.

11. The excessive water that was allowed to accumulate near the entrance of the Premises was an unreasonably dangerous condition.  Defendant caused the dangerous condition, knew of the dangerous condition and/or should have known of the dangerous condition, yet failed to take action to remove or to warn Samuel Martin of the danger, thereby causing Samuel Martin to suffer serious injury.

12. Alternatively, Defendant was obligated to make the Premises safe, when despite an awareness of the risks, it was necessary for Samuel Martin to enter the Premises through the entrance of the Premises and Defendant should have anticipated that Samuel Martin was unable to take measures to avoid the risk.

13. The acts and omissions of Defendant constitute negligence and, singularly or together, directly and proximately caused the occurrence in question and resulted in the injuries and damages to Samuel Martin.

14. Additionally, Defendant is responsible for the above-referenced negligent acts and/or omissions of its employees under the doctrine of *respondeat superior*, as said employees were acting under the course and scope of their employment with Defendant.

## VI.

## DAMAGES

15. As a result of the occurrence in question, Plaintiff Samuel Martin suffered personal injuries and now seeks to recover all damages he is entitled to by law as a result of the negligent conduct of Defendant as complained above. These damages include, without limitation:

   a. Reasonable and necessary medical expenses in the past;

   b. Reasonable and necessary medical expenses likely to be incurred in the future;

   c. Conscious physical pain and suffering experienced in the past;

   d. Conscious physical pain and suffering reasonably likely to be experienced in the future;

   e. Mental anguish in the past;

   f. Mental anguish reasonably likely to be experienced in the future;

   g. Physical and mental impairment in the past;

   h. Physical and mental impairment reasonably likely to be experienced in the future;

   i. Disfigurement in the past;

      j.      Disfigurement likely to be experienced in the future;

      k.      Loss of earning capacity in the past;

      l.      Loss of earning capacity likely to be experienced in the future; and

      m.      Costs of suit.

16.     If Plaintiff Samuel Martin was suffering from any injury or condition existing before the occurrence in question, such other condition was not pain producing or disabling, and the condition was aggravated by the injuries that resulted from the occurrence in question.

17.     Plaintiff Samuel Martin seeks recovery of pre-judgment interest as provided by law.

## VII.

## JURY DEMAND

18.     Plaintiff Samuel Martin requests that a jury be selected for the trial of this cause.

## VIII.

## PRAYER

WHEREFORE, Plaintiff Samuel Martin respectfully requests the following relief against Defendant Home Depot U.S.A., Inc.:

      a.      Actual damages in an amount in excess of the minimum jurisdictional limits of this Court;

      b.      Pre-judgment and post-judgment interest on all damages at the highest rate allowed by law;

      c.      Costs of suit; and

      d.      Such other and further relief, both at law and equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

By: /s/ *Hardin R. Ramey*
    **HARDIN R. RAMEY**
    State Bar No. 16496500
    Email: hramey@rameylawfirm.com

    **RAMEY LAW FIRM, PLLC**
    3131 McKinney Avenue, Suite 720
    Dallas, Texas  75204
    Phone:       (972) 437-5577
    Facsimile:   (972) 437-5572

    **ATTORNEYS FOR PLAINTIFF**